IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02471-PAB-CBS

MACALMON MUSIC, LLC,
    Plaintiff,
v.

MAURICE SKLAR MINISTRIES, INC.,
MAURICE SKLAR, and
DEVORAH J. SKLAR
    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
FOR AWARD OF ATTORNEY FEES
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Motion for Attorney Fees filed by Plaintiff MacAlmon Music, LLC ("MM"). Pursuant to the Order Referring Case dated September 20, 2013 (Doc. # 8) and the memorandum dated March 20, 2015 (Doc. # 58), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case history, and the applicable law and is sufficiently advised in the premises.

    MM initiated this civil action on September 11, 2013, alleging, *inter alia*, copyright infringement against all three Defendants under the Copyright Act, Title 17 U.S.C. § 101 *et seq*. (*See* Complaint (Doc. # 1)). The Copyright Act authorizes the award of reasonable attorney fees to the prevailing party as part of the costs in a suit under the Act. 17 U.S.C. § 505. On February 26, 2015, District Judge Brimmer awarded MM damages in the amount of $57,000 plus reasonable attorney fees, costs, and prejudgment and post-judgment interest on the total damages award. (*See* Docs. # 47, # 48).[1] In accordance with the Final Judgment and Default

---

[1]     MM has already been awarded costs in the amount of $565.60. (See Docs. # 66, # 67).

Judgment, MM submitted evidence of its attorney fees on March 12, 2015.  (See Docs. # 51, # 51-1, # 51-2, # 51-3).  At District Judge Brimmer's direction, MM filed the instant motion.

MM fully prevailed in this civil action when the Final Judgment and Default Judgment were entered, and therefore is entitled to an award of attorney fees pursuant to 17 U.S.C. § 505.  *See Girlsongs v. 609 Industries, Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo.2008) ("Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable.") (citations omitted).  "[T]he determination of what constitutes a reasonable attorneys' fee lies within the broad discretion of the court."  *Broadcast Music, Inc. v. Cleatz Bar & Grill, LLC*, No. 12-CV-00321-REB-CBS, 2013 WL 753468, at *1 (D. Colo. Feb. 27, 2013) (citation omitted).  "In determining appropriate attorneys' fees, courts generally begin by calculating the lodestar—the attorneys' reasonable hourly rate multiplied by the number of hours reasonably expended."  *Id.*, at * 2 (internal quotation marks and citation omitted).  *See also Goodwin v. H.M. Brown & Associates, Inc.*, No. 10-CV-01205-PAB-MEH, 2012 WL 163803, at *1 (D. Colo. Jan. 18, 2012) ("To determine the reasonableness of a fee request, a court must begin by calculating the lodestar amount.") (internal quotation marks and citation omitted).  "The lodestar amount is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Goodwin*, 2012 WL 163803, at *1 (internal quotation marks and citation omitted).  "Although the setting of a reasonable hourly rate is within the district court's discretion, it should reflect the prevailing market rates in the relevant community."  *Broadcast Music,* 2013 WL 753468, at *2 (internal quotation marks and citations omitted).  *See also Goodwin*, 2012 WL 163803, at *1 ("A reasonable rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience.") (internal quotation marks and citation omitted).

MM seeks an award of attorney fees for the work performed by Thomas P. Howard, Scott E. Brenner, William C. Groh, Jacob A. May, and V. William Moritz at the hourly rates of $250, $225, $235, $100, and $250, respectively. (*See* Docs. ## 51 through 51-3). Defendants have not disputed that MM is entitled to attorney fees, the hours expended, or the hourly rates. The court finds and concludes that each of these hourly rates falls "within the reasonable and acceptable range of rates charged by intellectual property attorneys of comparable skill, experience, and reputation for the performance of similar services" and is "consistent with the rates reported in the most recent" survey of the American Intellectual Property Law Association (AIPLA). *Broadcast Music,* 2013 WL 753468, at *2 (citations omitted). The court also finds and concludes that the number of hours charged by Mr. Howard, Mr. Brenner, Mr. Groh, Mr. May, and Mr. Moritz are reasonable and amply supported by invoices based on detailed contemporaneous time records. (*See* Docs. ## 51-1 through 51-3). Accordingly,

IT IS RECOMMENDED that Plaintiff MacAlmon Music, LLC's Motion for Attorney Fees (Doc. # 56) (filed March 19, 2015) be GRANTED and that attorney fees in the amount of $28,801.38 be awarded, as previously encompassed by the Final Judgment (Doc. # 47) and the Default Judgment (Doc. # 48).

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the

proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of August, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge